This was an action of debt on a bond executed by William Britton, with the defendants as his sureties, upon his obtaining letters of administration upon the estate of one Hodges Harrel. The breach assigned was that Britton wrongfully delivered the slaves to the widow, instead of making distribution of them among the next of kin of the intestate.
It was in evidence that Hodges Harrel died in January, 1838, and at the ensuing February term of the Court of Pleas and Quarter Sessions of Bertie County letters of administration were committed to William Britton, who gave the bond upon which this suit is brought. It was proved that the wives of Williams and Cox were the children of the intestate, and the other relators were the children of another daughter by the *Page 89 
same mother; and they, with the widow and her children, were the only persons who were entitled to distribution of the estate of Harrel. A negro, Lucy, was bequeathed by John Acre to his daughter, Patience Harrel, wife of the said Hodges Harrel, in 1814, which negro was delivered by the executor (111) of Acre to Hodges Harrel. Lucy had a child by the name of Ann, who is now the mother of five children. These negroes were in the possession of Harrel at his death, and continued among his assets when Britton became his administrator. It was proved that Harrel sometimes threatened to sell these negroes; at other times he spoke of them as belonging to his wife, and expressed a wish to sell them, if his wife would agree to it, as he thought it was hard he should have to raise negroes for other persons. Britton, after he administered upon the estate of Harrel, never took the negroes into his possession, but let them remain in the possession of the widow. At the time of the sale of the perishable part of the estate of Harrel, which took place shortly after his qualification, Britton said he should have nothing to do with the negroes, as they, under the will of John Acre, belonged to the widow for life. Britton died in 1845, having, before his death, settled the estate of Harrel.
His Honor, Judge Ellis, intimating the opinion, upon the foregoing statement of facts, that the action could not be maintained, the plaintiffs, in submission thereto, suffered a nonsuit.
Rule for a new trial. Rule discharged. Judgment and appeal.
The only question presented in this case is, Can the next of kin maintain an action on the administration bond, after the death of the administrator, because he failed to take into his possession and distribute certain negroes to which his intestate was entitled?
His Honor was of opinion that the action could not be (112) maintained, and we fully concur with him.
Taylor v. Brooks, 20 N.C. 273; Baldwin v. Johnson, 30 N.C. 381, andSpruill v. Johnston, ib., 397, are in point and settle the question.
The name "administrator de bonis non" explains itself. That officer is to take charge of all the estate which has not been administered, and is to finish whatever has been left undone by the first administrator. Assets are administered by taking them into possession and paying them over to creditors, or to the next of kin, in the course of distribution. Both acts must concur *Page 90 
before the goods can be said to have been administered. In regard to the negroes, which are the subject of controversy in this suit, neither act has been done, and they are, to all intents and purposes, unadministered.
PER CURIAM. Judgment affirmed.
Cited: Spencer v. Moore, post, 163; Ferebee v. Baxter, 34 N.C. 65;Davidson v. Potts, 42 N.C. 274; Duke v. Ferebee, 52 N.C. 11; Stricklandv. Murphy, ib., 245; Latta v. Russ, 53 N.C. 113; Goodman v. Goodman,72 N.C. 509, 10; Lansdell v. Winstead, 76 N.C. 369; Ham v. Kornegay,85 N.C. 122.